**Albert E. COLE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8533.**

United States Court of Appeals
Tenth Circuit.

Nov. 17, 1966.

Robert E. Cole, Colorado Springs, Colo. (William T. Davis, Colorado Springs, Colo., on brief), for appellant.

Anthony Zell Roisman, Dept. of Justice (Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attorneys, Dept. of Justice, on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The taxpayer, Cole, filed this action pursuant to Section 1346, Title 28 U.S.C. The complaint alleged that a wagering tax had been erroneously or illegally assessed and collected by the United States Government, and prayed for the refund of the tax and penalty so collected. There were seven separate prayers appended to the complaint, each purporting to set out an additional claim. However, the language used in each prayer interchanged the words "erroneously assessed," "illegally assessed," and "assessed without authority." Based upon this language, it is the contention of the taxpayer that there are multiple claims plead in this action.

Taxpayer's claim was tried before a jury and a verdict returned which found that the taxpayer was engaged in a lottery, but that the wagering tax had been over-assessed. The jury, upon evidence adduced by the taxpayer as to the correct amount of the assessment, granted a refund.

During the course of the trial, prior to the rendition of the verdict, taxpayer's counsel had indicated that, in their opinion, there were some matters of law upon which the court should rule, and should not be tendered to the jury. The record reflects that the court considered this matter and indicated to counsel that the sole issue in the case was whether or not they were entitled to a refund.

After the jury had returned the verdict, counsel for the taxpayers said, "I call the court's attention—there were a number of matters of law involved in the trial other than the issues of fact; that to my knowledge there has been no ruling from the bench. One was the issue of quotus estoppel." The Court replied, "Do you mean no express ruling?" Counsel then said, "I heard none is what I am trying to tell the Court." The Court replied, "I certainly—there was no expressed tender actually of this acquittal, but if it had been tendered, the ruling would have been that it was not admissible into evidence, if that will do you any good. Have you got any more that

you want me to clarify?" Counsel replied, "Let's see. Can you think of any at this time?" Co-counsel replied in the negative and the Court said, "Very well. You have ten days in which to file a Motion for a New Trial, either side, if you wish to." Thereby all issues presented at the trial were determined and a judgment entered on February 11, 1965.

Approximately 137 days elapsed before the plaintiff took any further action. He then filed a motion under either Rule 54 (b) or Rule 60 of the F.R.Civ.P. asserting that not all of his claims under the original complaint had been resolved, and asking the Court to decide them now. Within two weeks, the Court dismissed the claims with prejudice and entered a nunc pro tunc order to that effect. A notice of appeal was filed on this order of the Court. The government moves to dismiss the appeal on the grounds that it is out of time.

The question clearly presented is whether or not the cause presented multiple claims. The complaint, the pre-trial orders, and the evidence clearly show that, in truth and in fact, there was only one claim—that is, the claim for refund of excessive wagering taxes paid to the United States Government for the month of February, 1964. The seven separate prayers, which counsel denominated claims, each present a separate theory for recovery of the same claim. It is evident they are not multiple claims. The facts upon which the taxpayer relied constituted a single transaction composed of a closely related series of occurrences.

"Federal Rule 54(b), which gives the district court the power to enter a final judgment covering only a part of the litigation before it, is applicable by its terms only to separate and distinct claims. It is * * * thoroughly settled that such a claim is a set of facts giving rise to one or more legal rights, and that F.R. 54(b) cannot be used to appeal a part of a single claim or, as here, to test a single legal theory of recovery * * *." Schwartz v. Eaton, 264 F.2d 195, 196 (2nd Cir. 1959).

Rule 60(b), providing for relief from a final order, judgment or proceeding, is the other rule relied upon by the taxpayer, and specifically says: "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

It is evident that the use of 54(b) or 60 is not available in this particular action to stay the running of the time prescribed for appeal in Rule 73(a) of the F.R.Civ.P., which provides, " * * * in any action in which the United States or an officer or agency thereof is a party the time [for appeal] as to all parties shall be 60 days * * *."

The notice of appeal, having been filed on September 6, 1965, did not comply with Rule 73 because the judgment had been entered on February 11, 1965. Therefore, the motion of the government to dismiss the appeal is granted.